# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,
P.O. Box 14596
Washington, DC 20044

             Plaintiff,

             v.

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW
Washington, DC 20530,

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES
99 New York Avenue, NE
Washington, DC 20226

U.S. DRUG ENFORCEMENT AGENCY,
8701 Morrissette Drive
Springfield, VA 22152,

FEDERAL BUREAU OF
INVESTIGATION,
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001,

U.S. MARSHALS SERVICE,
Office of the General Counsel
CG-3, 15th Floor
Washington, DC 20530-0001

U.S. DEPARTMENT OF
HOMELAND SECURITY,
245 Murray Lane, SW, Mail Stop 0485,
Washington, DC 20528-0485,

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,
Office of the Principal Legal Advisor
500 12th Street SW, Mail Stop 5900
Washington, DC 20536-5900,

Civil Action No. 1:25-cv-3983

U.S. SECRET SERVICE,
245 Murray Lane SW, BLDG T-5
Washington, DC 20528,

U.S. CUSTOMS AND BORDER
PROTECTION,
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229,

U.S. DEPARTMENT OF DEFENSE,
Office of the General Counsel
1000 Defense Pentagon
Washington, DC 20301-1000,

U.S. PARK POLICE,
1100 Ohio Drive SW
Washington, DC 20024

and

INTERNAL REVENUE SERVICE,
1111 Constitution Avenue, NW
Washington, DC 20224,

                              Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.    On August 10, 2025, President Trump declared a "crime emergency" in Washington, D.C. and authorized the large-scale deployment of federal law enforcement officers and National Guard units to engage in law enforcement activities within the nation's capital. Today, these federal law enforcement officers from multiple agencies and National Guard units from Washington, D.C. and eight other states remain stationed in the city. The administration has provided little transparency about the legal authority, funding, mission, and training associated with these sweeping deployments.

2.      In August 2025, Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") submitted twelve expedited Freedom of Information Act ("FOIA") requests to the federal agencies deployed in Washington, D.C.

3.      CREW brings this action under FOIA, 5 U.S.C. § 552, seeking records relating to the deployment of federal law enforcement entities from Defendants U.S. Department of Justice ("DOJ") and its component agencies Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Drug Enforcement Agency ("DEA"), Federal Bureau of Investigation ("FBI"), and United States Marshals Service ("USMS"); the Department of Homeland Security ("DHS") and its component agencies Immigration and Customs Enforcement ("ICE"), United States Secret Service ("USSS"), and Customs and Border Protection ("CBP"); U.S. Department of Defense ("DOD"); U.S. Park Police ("Park Police"); and the Internal Revenue Service ("IRS").

4.      CREW respectfully requests relief declaring that Defendants have violated FOIA by failing to timely respond to CREW's requests, and injunctive relief requiring Defendants to process and release all non-exempt the requested records responsive to its requests on an expedited basis.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

6.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

7.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens

to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

8.    Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to the Office of the Attorney General.

9.    Defendant ATF is an agency within the meaning of 5 U.S.C. § 552(f)(1). ATF has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to ATF.

10.    Defendant DEA is an agency within the meaning of 5 U.S.C. § 552(f)(1). DEA has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to DEA.

11.    Defendant FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to FBI.

12.    Defendant USMS is an agency within the meaning of 5 U.S.C. § 552(f)(1). USMS has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to USMS.

13.     Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to DHS.

14.     Defendant ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to ICE.

15.     Defendant USSS is an agency within the meaning of 5 U.S.C. § 552(f)(1). USSS has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to USSS.

16.     Defendant CBP is an agency within the meaning of 5 U.S.C. § 552(f)(1). CBP has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA request to CBP.

17.     Defendant DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records responsive to CREW's FOIA requests.

18.     Defendant Park Police is an agency within the meaning of 5 U.S.C. § 552(f)(1). Park Police has possession, custody, and control of records responsive to CREW's FOIA request to Park Police.

19.     Defendant IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1). IRS has possession, custody, and control of records responsive to CREW's FOIA request to IRS.

## LEGAL FRAMEWORK

20.     FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply.

21.    An agency must respond to a party making a FOIA request within 20 business days and, in so doing, must notify the party of at least the agency's "determination" of which requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. *Id.* § 552(a)(6)(A)(i); *see, e.g.*, *CREW v. Fed. Election Comm'n*, 711 F.3d 180, 187 (D.C. Cir. 2013).

22.    An agency's failure to make this determination within 20 days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

23.    Moreover, FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

24.    After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.* § 552(a)(3)(A).

25.    In "unusual circumstances," the 20 business day time limit "may be extended" by 10 business days if the agency provides "written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). "[U]nusual circumstances means," among other things, "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." *Id.* § 552(a)(6)(B)(iii).

26.    Further, agencies must grant requests for expedited processing of FOIA requests when requesters demonstrate a "compelling need," as well as in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). "Compelling need" requires the requester to show that they

are "a person primarily engaged in disseminating information" with an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II).

27.    Defendants' FOIA regulations also require expedited processing for other reasons, including "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." *See, e.g.*, 28 C.F.R. § 16.5(e)(1)(iv); 6 C.F.R. § 5.5(e)(1)(iv).

28.    A determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 calendar days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

29.    Agency action to deny a request for expedited processing, or failure by an agency to respond in a timely manner to such a request, is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii); *CREW v. U.S. Dep't of Just.*, 436 F. Supp. 3d 354, 358-59 (D.D.C. 2020).

30.    If expedited processing of a FOIA request is granted, agencies must process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). The presumptive deadline for processing expedited requests is the same as the time limit applicable to standard FOIA requests—20 business days. *See, e.g.*, *Elec. Priv. Info. Ctr. v. U.S. Dep't of Just.*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006). Requesters may sue and seek judicial supervision over an agency's dilatory expedited processing efforts. *See, e.g.*, *id.* at 34-35 (suit challenging withholding of records after agency granted expedited processing, but did not proceed expeditiously); *Elec. Priv. Info. Ctr. v. U.S. Dep't of Just.*, 18 F.4th 712, 715 (D.C. Cir. 2021) (same).

31.    FOIA requesters who do not receive a determination on a request for expedited processing within 10 calendar days, or who receive a decision denying or affirming the denial of

a request for expedited processing, also may seek immediate judicial review. *See, e.g.*, 5 U.S.C. § 552(a)(6)(E)(iii); *CREW v. U.S. Dep't of Just.*, 436 F. Supp. 3d 354, 358-59 (D.D.C. 2020).

## FACTUAL ALLEGATIONS

32.     On March 27, 2025 President Trump issued an executive order entitled "Making the District of Columbia Safe and Beautiful."[1] The order announced that the Trump administration would "work closely with local officials to share information, develop joint priorities, and maximize resources to make the District of Columbia safe" and announced greater federal participation in local law enforcement.[2]

33.     On August 11, 2025, despite evidence that crime rates have been falling in Washington, D.C., President Trump issued an executive order entitled "Declaring a Crime Emergency in the District of Columbia" ("Crime Emergency EO").[3] The order declared that a "violent crime crisis" exists in the District of Columbia requiring the use of Washington, D.C.'s Metropolitan Police Department ("MPD") for federal purposes.

34.     The Crime Emergency EO purported to place MPD under the direct operational control of the Attorney General and required Washington, D.C. Mayor Muriel Bowser to "provide such services of the Metropolitan Police force as the Attorney General may deem necessary and appropriate."[4]

---

[1] 90 Fed. Reg. 14559 (Mar. 27, 2025), https://www.federalregister.gov/documents/2025/04/03/2025-05837/making-the-district-of-columbia-safe-and-beautiful.

[2] *Id.* at Sec. 3.

[3] 90 Fed. Reg. 39301 (Aug. 11, 2025), https://www.federalregister.gov/documents/2025/08/14/2025-15550/declaring-a-crime-emergency-in-the-district-of-columbia.

[4] *Id.* at Sec. 3(b).

35.     The executive order cited Section 740 of the District of Columbia Self-Government and Governmental Reorganization Act to justify the purported federal takeover of MPD.[5]

36.     Section 740 permits the President, upon determination of the existence of an emergency "which require[s] the use of the Metropolitan Police force for federal purposes," to direct Washington, D.C.'s mayor to provide him "such services of the Metropolitan Police force as the President may deem necessary and appropriate."[6] The statute does not authorize direct federal control of MPD.

37.     Further, the statute limits the president's emergency authority to direct Washington, D.C.'s mayor to provide the services of D.C. law enforcement for federal purposes to no more than 30 days, absent a joint resolution enacted by Congress extending the emergency.[7] Congress has passed no such resolution.

38.     While the clear statutory language only grants the president authority to direct Washington, D.C.'s mayor to provide the services of MPD to the federal government for 30 days, President Trump attempted to assign complete control of MPD to Attorney General Bondi pursuant to the Crime Emergency EO.[8] On August 11, Trump also announced that he was appointing DEA Administrator Terrance Cole as "interim federal commissioner" of the MPD.[9]

---

[5] D.C. Code § 1-207.40.
[6] *Id.* § 1-207.40(a).
[7] *Id.* § 1-207.40(b).
[8] 90 Fed. Reg. 39301 at Sec. 3.
[9] The White House, *President Trump Holds a Press Conference*, at 1:09:03 (Youtube, Aug. 11, 2025) https://www.youtube.com/watch?v=ZtVMoko3mSI&t=4s; Alanna Durkin Richer, *A tale of two Chief Pams: Federal takeover brings confusion over command of DC police*, Associated Press (Aug. 13, 2025) https://apnews.com/article/trump-federal-takeover-dc-police-command-baf3566c1a9d1a07d2f7b8d5ad7ff957.

39.    On August 14, Attorney General Pamela Bondi issued Order No. 6370-2025, "Restoring Safety and Security to the District of Columbia" ("Bondi Order").[10] The Bondi Order stated that "[e]ffective immediately" Terrance Cole "shall serve as MPD's Emergency Police Commissioner for the duration of the emergency declared by the President," that "Commissioner Cole shall assume all of the powers and duties vested in the District of Columbia Chief of Police," and that "existing MPD leadership [. . . ] must receive approval from Commissioner Cole before issuing any further directives to the MPD."[11]

40.    In response, D.C. Attorney General Brian Schwalb sued to block the purported federal takeover of MPD and to block the naming of Cole as "emergency police commissioner."[12] MPD Chief Pamela Smith submitted a declaration in that case, testifying that she was not alerted about the purported federal takeover of MPD until the President's public announcement and stated "[i]n my nearly three decades in law enforcement, I have never seen a single government action that would cause a greater threat to law and order than this dangerous directive."[13]

41.    On August 16, 2025, following an emergency hearing, the Trump administration rescinded its directive naming Terrence Cole the "emergency police commissioner."[14]

---

[10] Off. of the U.S. Att'y Gen., Order No. 6370-2025, Restoring Safety and Security to the District of Columbia, (Aug. 14, 2025), https://www.justice.gov/ag/media/1411281/dl?inline.
[11] *Id.*
[12] Complaint, *District of Columbia v. Donald J. Trump, et al.*, No. 1:25-cv-02678, ECF No. 1 (D.D.C. Aug 15, 2025), https://www.courtlistener.com/docket/71116258/1/district-of-columbia-v-donald-j-trump/.
[13] Declaration of Pamela A. Smith, *District of Columbia v. Donald J. Trump, et al.*, No. 1:25-cv-02678, ECF No. 2-3 at   16, (D.D.C. Aug 15, 2025), https://www.documentcloud.org/documents/26052560-pamsmithdeclarationoagtrumpsuit/.
[14] Madeline Halpert, *DC police chief retains command after deal with Trump administration*, BBC (Aug. 15, 2025) https://www.bbc.com/news/articles/c2018769n1yo.

42.     Also on August 11, 2025,  the same day he issued the Crime Emergency EO, President Trump signed a presidential memorandum entitled "Restoring Law and Order in the District of Columbia" ("Law and Order Memo"), directing Secretary of Defense Peter Hegseth to mobilize the D.C. National Guard to address a purported "epidemic of crime" in Washington, D.C. and to coordinate with state governors to authorize orders of their national guards into federal service to augment this mission.[15]

43.     Since signing the Law and Order Memo, eight additional states, including Georgia, Mississippi, South Carolina, Ohio, West Virginia, Alabama, Louisiana, and South Dakota, have deployed state national guard units to Washington, D.C.[16]

44.     These state National Guard units appear to remain under state authority, but claim to have been sent at the request of President Trump and Secretary of the Army Daniel P. Driscoll.[17]

---

[15] Exec. Off. of the President, Memorandum for the Secretary of Defense, *Restoring Law and Order in the District of Columbia,* (Aug. 11, 2025) https://www.whitehouse.gov/presidential-actions/2025/08/restoring-law-and-order-in-the-district-of-columbia/

[16] Ellen Mitchell, *Most states planning to withdraw National Guard troops from DC this fall*, The Hill (Oct. 10, 2025) https://thehill.com/homenews/state-watch/5549842-states-withdrawing-national-guard-dc/.

[17] *See, e.g.*, Press Release, *Governor DeWine Issues Statement on Ohio National Guard,* Off. of the Governor of Ohio, (Aug. 16, 2025), https://governor.ohio.gov/media/news-and-media/governor-dewine-issues-statement-on-ohio-national-guard; Press Release, *Governor Henry McMaster Authorizes Deployment of National Guard to Washington, D.C.*, Off. of the Governor of South Carolina, (Aug. 16, 2025), https://governor.sc.gov/news/2025-08/gov-henry-mcmaster-authorizes-deployment-national-guard-washington-dc; Press Release, *West Virginia National Guard to Support President Trump's Initiative to Make D.C. Safe and Beautiful, Off. of the Governor of W. Virginia,* (Aug. 16, 2025) https://governor.wv.gov/article/west-virginia-national-guard-support-president-trumps-initiative-make-dc-safe-and-beautiful.

45.     On August 25, 2025, President Trump signed another executive order entitled "Additional Measures To Address the Crime Emergency in the District of Columbia."[18] The order expanded the role of the federal government over law enforcement in Washington, D.C., including by ordering:

    a.  The Director of the National Park Service to hire additional members of the Park Police to conduct law enforcement in the city;[19]

    b.  The United States Attorney for the District of Columbia to hire additional prosecutors to focus on prosecuting violent and property crimes;[20]

    c.  The Secretary of Defense to develop a "specialized unit within the District of Columbia National Guard"[21] and develop "quick reaction force[s]" to "be resourced, trained, and available for rapid nationwide deployment;"[22] and

    d.  The Attorney General to "review the Metropolitan Police Department General Orders" and "request that the Mayor of the District of Columbia make such updates and modifications to such orders as the Attorney General determines are necessary to address the crime emergency and ensure public order and safety."[23]

46.     On September 2, 2025, prior to the September 10 expiration of the 30 day emergency, Mayor Bowser issued an order that acknowledged the impending end of the emergency while continuing coordination between MPD and federal law enforcement.[24] The Mayor's order established the Safe and Beautiful Emergency Operations Center ("SBEOC") and

---

[18] 90 Fed. Reg. 42121 (Aug. 25, 2025), https://www.federalregister.gov/documents/2025/08/28/2025-16614/additional-measures-to-address-the-crime-emergency-in-the-district-of-columbia.
[19] *Id.* at Sec. 2(a).
[20] *Id.* at Sec. 2(b).
[21] *Id.* at Sec. 2(d)(i).
[22] *Id.* at Sec. 2(d)(ii).
[23] *Id.* at Sec. 3(a).
[24] Gov. of the District of Columbia, Mayor's Order 2025-090, (Sept. 2, 2025), https://mayor.dc.gov/sites/default/files/dc/sites/mayormb/release_content/attachments/2025-090_Creation_of_the_Safe_and_Beautiful_Emergency_Operations_Center.pdf.

required the SBEOC to "ensure coordination with federal law enforcement to the maximum extent allowable by law within the District" beyond the expiration of the emergency.[25]

47.    The large-scale federal law enforcement and military deployments into Washington, D.C. remain in effect, with little transparency into their activities, training, costs to taxpayers, and legal authority. Reports indicate that National Guard troops deployed to the city may remain through the summer of 2026.[26]

48.    To answer questions about agencies' sources of funding, training, mobilization, and compliance with existing law, CREW submitted twelve expedited FOIA requests in August to Defendants.

### *August 20, 2025 FOIA Request to the Office of the Attorney General*

49.    On August 20, 2025, CREW submitted an expedited FOIA request to the DOJ, Office of the Attorney General in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of DOJ agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the DOJ were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within DOJ that were reassigned to respond to President Trump's August 2025 mobilization of DOJ agents to the District of Columbia.
>
> 4. All records sufficient to show training that DOJ provided to engage in the mobilization of DOJ agents within the District of Columbia.

---

[25] *Id.* at Sec. 2.
[26] Chris Boccia and Beatrice Peterson, *National Guard could stay in Washington, DC, through summer 2026: Lawsuit*, ABC (Oct. 22, 2025) https://abcnews.go.com/US/national-guard-stay-washington-dc-summer-2026-lawsuit/story?id=126739403.

5. All guidance, memoranda, final directives, policies, and other documents produced by DOJ concerning its role in the mobilization of DOJ agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the DOJ, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

    A copy of this request is attached as Exhibit 1.

50.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C.

§ 552 and 28 C.F.R. § 16.5(e). CREW explained in detail that it was entitled to expedited

processing because there is an "urgency to inform the public about an actual or alleged Federal

Government activity" and because CREW "is primarily engaged in disseminating information."

*Id.* CREW also explained that the request concerned "[a] matter of widespread and exceptional

media interest in which there exist possible questions about the government's integrity which

affect public confidence." *Id.*

51.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A)

and agency regulations. *Id.*

52.    On August 27, 2025, DOJ acknowledged receipt of CREW's request and assigned

it tracking number FOIA-2025-06479. Exhibit 2.

53.    In its acknowledgement letter, DOJ granted expedited processing of CREW's

request. *Id.*

54.    DOJ also claimed that CREW's request presented "unusual circumstances" and

stated "we need to extend the time limit to respond to your request beyond the ten additional

days provided by the statute." *Id.*

55.     Regarding CREW's request for a fee waiver, the acknowledgment letter stated "[a]ny decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request." *Id.*

56.     CREW has received no additional communications from DOJ.

### *August 20, 2025 FOIA Request to ATF*

57.     On August 20, 2025, CREW submitted an expedited FOIA request to the ATF in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of ATF agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the ATF were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within ATF that were reassigned to respond to President Trump's August 2025 mobilization of ATF agents to the District of Columbia.
>
> 4. All records sufficient to show training that ATF provided to engage in the mobilization of ATF agents within the District of Columbia.
> 5. All guidance, memoranda, final directives, policies, and other documents produced by ATF concerning its role in the mobilization of ATF agents within the District of Columbia.
>
> 6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the ATF, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".
>
>  A copy of this request is attached as Exhibit 3.

58.     CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal

Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *Id.*

59.     CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

60.     On August 20, 2025, ATF acknowledged CREW's FOIA request by email and assigned it reference number 2025-01415. Exhibit 4.

61.     ATF also provided an acknowledgment letter in which it claimed that CREW's request presented "unusual circumstances" and invoked 5 U.S.C. § 552(a)(6)(B)(iii)(I) to extend its obligation to respond to CREW's request by ten days. Exhibit 5. It also assigned CREW's request to its "complex" track. *Id.*

62.     CREW has received no additional communications from ATF.

### *August 20, 2025 FOIA Request to DEA*

63.     On August 20, 2025, CREW submitted an expedited FOIA request to DEA in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of DEA agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the DEA were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within DEA that were reassigned to respond to President Trump's August 2025 mobilization of DEA agents to the District of Columbia.
>
> 4. All records sufficient to show training that DEA provided to engage in the mobilization of DEA agents within the District of Columbia.

16

5. All guidance, memoranda, final directives, policies, and other documents produced by DEA concerning its role in the mobilization of DEA agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the DEA, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

 A copy of this request is attached as Exhibit 6.

64.     CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

65.     CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

66.     On September 2, 2025 DEA sent CREW a letter acknowledging receipt of its request and assigning it Case Number: 25-02138-F. Exhibit 7.

67.     In its acknowledgement letter, with respect to item 1, DEA claimed that CREW's request presented "unusual circumstances" and invoked 5 U.S.C. § 552(a)(6)(B)(i)-(iii) to extend its obligation to respond to CREW's request by ten days. *Id.*

68.      DEA also denied CREW's request with respect to items 2-4 under FOIA exemption 5 U.S.C. § 552(b)(7)(E) on the grounds that the requested records would "disclose[] investigative techniques and procedures." *Id.*

69.     With respect to items 5-6 of CREW's request, DEA claimed that CREW's request did not meet FOIA and DOJ requirements that a request "reasonably describe" the records sought. *Id.* (citing 5 U.S.C. § 552 (a)(3)(A), 28 C.F.R. § 16.3). DEA also claimed the request was overly broad and vague and therefore did not comply with 28 C.F.R. § 16.3(b). *Id.*

70.     DEA requested that CREW further narrow its request within 30 business days.

71.     On October 13, 2025, within 30 business days, CREW sent an email to DEA in which it stated "Thank you for your response. While we believe there are not defects in CREW's request, we are willing to work with the agency to narrow our request. Could we speak with the office about next steps?" Exhibit 8.

72.     On October 13, 2025, the DEA FOIA office sent an auto response email to CREW which stated, "The processing of FOIA requests has been deemed non-essential by the federal government. The entire DEA FOIA Unit has been furloughed. We will receive and process your request when we return to the office." Exhibit 9.

73.     CREW has received no additional communications from DEA.

***August 20, 2025 FOIA Request to FBI***

74.     On August 20, 2025, CREW submitted an expedited FOIA request with the FBI in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of FBI agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the FBI were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within FBI that were reassigned to respond to President Trump's August 2025 mobilization of FBI agents to the District of Columbia.

4. All records sufficient to show training that FBI provided to engage in the mobilization of FBI agents within the District of Columbia.

5. All guidance, memoranda, final directives, policies, and other documents produced by FBI concerning its role in the mobilization of FBI agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the FBI, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

A copy of this request is attached as Exhibit 10.

75.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

76.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

77.    On August 25, 2025, FBI acknowledged receipt of CREW's FOIA request and assigned it tracking number FOIPA Request No.: 1678268-000. Exhibit 11.

78.    FBI also stated CREW's request for fee waiver was "under consideration" and for purposes of assessing fees, determined that CREW is an educational institution, noncommercial scientific institution or representative of the news media requester. *Id.*

79.    CREW has received no additional communications from FBI.

***August 20, 2025 FOIA Request to USMS***

80.    On August 20, 2025, CREW submitted an expedited FOIA request to USMS in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of USMS agents in the District of Columbia.

> 2. All records sufficient to show which units within the USMS were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.

> 3. All records sufficient to show the monthly budgets for the units within USMS that were reassigned to respond to President Trump's August 2025 mobilization of USMS agents to the District of Columbia.

> 4. All records sufficient to show training that USMS provided to engage in the mobilization of USMS agents within the District of Columbia.

> 5. All guidance, memoranda, final directives, policies, and other documents produced by USMS concerning its role in the mobilization of USMS agents within the District of Columbia.

> 6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the USMS, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

> A copy of this request is attached as Exhibit 12.

81.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

82.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

83.    On August 20, 2025, USMS acknowledged CREW's FOIA request and assigned it FOIA request #2025-USMS-001827. Exhibit 13.

84.    On August 22, 2025, USMS provided an acknowledgment letter in which it claimed that CREW's request presented "unusual circumstances" and invoked 5 U.S.C. § 552(a)(6)(B)(i)-(iii) to extend its obligation to respond to CREW's request by ten days. Exhibit 14. It also assigned CREW's request to its "complex" track. *Id.*

85.    CREW has received no additional communications from USMS.

### *August 20, 2025 FOIA Request to DHS Headquarters Privacy Office*

86.    On August 20, 2025, CREW submitted an expedited FOIA request to the DHS Headquarters Privacy Office in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of DHS agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the DHS were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within DHS that were reassigned to respond to President Trump's August 2025 mobilization of DHS agents to the District of Columbia.
>
> 4. All records sufficient to show training that DHS provided to engage in the mobilization of DHS agents within the District of Columbia.
>
> 5. All guidance, memoranda, final directives, policies, and other documents produced by DHS concerning its role in the mobilization of DHS agents within the District of Columbia.
>
> 6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the DHS, including but not limited to documents that mention, reference, or relate to the preparation for

or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

A copy of this request is attached as Exhibit 15.

87.     CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 6 C.F.R. § 5.5(e)(1). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.*

88.     CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

89.     On August 25, 2025, DHS confirmed via its FOIA Portal receipt of CREW's FOIA request and assigned it Tracking Number 2025-HQFO-05942.

90.     The acknowledgement also conditionally granted CREW's fee waiver.

91.     CREW has received no additional communications from DHS.

### *August 20, 2025 FOIA Request to ICE*

92.     On August 25, 2025, CREW submitted an expedited FOIA request to ICE in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of ICE agents in the District of Columbia.

> 2. All records sufficient to show which units within ICE were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.

> 3. All records sufficient to show the monthly budgets for the units within ICE that were reassigned to respond to President Trump's August 2025 mobilization of ICE agents to the District of Columbia.

4. All records sufficient to show training that ICE provided to engage in the mobilization of ICE agents within the District of Columbia.

5. All guidance, memoranda, final directives, policies, and other documents produced by ICE concerning its role in the mobilization of ICE agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the ICE, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

A copy of this request is attached as Exhibit 16.

93.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 6 C.F.R. § 5.5(e)(1)(iv). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.*

94.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.dhs

95.    On August 26, 2025, ICE acknowledged receipt of CREW's FOIA request and assigned it ICE FOIA Case Number 2025-ICFO-56370. ICE invoked a 10-day extension to respond to CREW's request, citing 5 U.S.C. § 552(a)(6)(B).

96.    The acknowledgment also noted CREW's request for a fee waiver and stated the agency would "adjudicate this request only if the agency is allowed to assess fees under the FOIA" (citing 6 C.F.R. § 5.11(c)-(d)).

97.    ICE also denied CREW's request for expedited processing, claiming CREW did not qualify for expedited treatment under DHS regulations.

98.    CREW has received no additional communications from ICE.

23

*August 20, 2025 FOIA Request to USSS*

99.    On August 20, 2025, CREW submitted an expedited FOIA request to USSS in

which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of USSS agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the USSS were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within USSS that were reassigned to respond to President Trump's August 2025 mobilization of USSS agents to the District of Columbia.
>
> 4. All records sufficient to show training that USSS provided to engage in the mobilization of USSS agents within the District of Columbia.
>
> 5. All guidance, memoranda, final directives, policies, and other documents produced by USSS concerning its role in the mobilization of USSS agents within the District of Columbia.
>
> 6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the USSS, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".
>
>  A copy of this request is attached as Exhibit 17.

100.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C.

§ 552 and 6 C.F.R. § 5.5(e)(1)(iv). CREW explained in detail that it was entitled to expedited

processing because there is an "urgency to inform the public about an actual or alleged Federal

Government activity" and because CREW "is primarily engaged in disseminating information."

*Id.*

101.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

102.    On August 22, 2025, USSS acknowledged receipt of CREW's request and assigned it File Number 20251613.

103.    USSS stated CREW's request demonstrated a "compelling need" for the requested information and therefore granted its request for expedited processing.

104.    The acknowledgement email also stated CREW's request for a fee waiver would be "held in abeyance pending the quantification of responsive records."

105.    On September 29, 2025, USSS provided a status update on CREW's request informing CREW that the request had been placed in the "complex/simple processing track" and informing CREW of its right to narrow or modify its request.

106.    CREW has received no additional communications from USSS.

### *August 20, 2025 FOIA Request to CBP*

107.    On August 20, 2025, CREW submitted an expedited FOIA request to CBP in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of CBP agents in the District of Columbia.
>
> 2. All records sufficient to show which units within CBP were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within CBP that were reassigned to respond to President Trump's August 2025 mobilization of CBP agents to the District of Columbia.
>
> 4. All records sufficient to show training that CBP provided to engage in the mobilization of CBP agents within the District of Columbia.

5. All guidance, memoranda, final directives, policies, and other documents produced by CBP concerning its role in the mobilization of CBP agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the CBP, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

A copy of this request is attached as Exhibit18.

108.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 6 C.F.R. § 5.5(e)(1)(iv). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.*

109.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

110.    Per its online portal, CBP assigned CREW's FOIA request Request Number CBP-FO-2025-185524. Without any written explanation, CBP assigned CREW's FOIA request "Not Billable," declined expedited processing, and assigned CREW's request to its "Complex" processing track. Exhibit 19.

111.    CREW has received no additional communications from CBP.

### *August 20, 2025 FOIA Request to DOD*

112.    On August 20, 2025, CREW submitted an expedited FOIA request with the DOD in which it sought the following records:

1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 deployment of the National Guard to the District of Columbia.

2. All records sufficient to show which units within the Department of Defense were reassigned to respond to President Trump's August 2025 deployment of federal troops to the District of Columbia.

3. All records sufficient to show the monthly budgets for the units within the Department of Defense that were reassigned to respond to President Trump's August 2025 deployment of federal troops to the District of Columbia.

4. All records sufficient to show training the Department of Defense provided to engage in the deployment of National Guard troops within the District of Columbia.

5. All guidance, memoranda, final directives, policies, and other documents produced by the Department of Defense concerning its role in the deployment of National Guard troops within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal deployment of the DC National Guard, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA". This request includes records that pertain to the DC National Guard specifically, as well as records that pertain to national guard units generally.

   A copy of this request is attached as Exhibit 20.

113.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 32 C.F.R. § 286.8(e)(1)(i). CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.*

114.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

115.    On September 22, 2025, DOD acknowledged receipt of CREW's request and assigned it FOIA Case Number: J-25-0325. Exhibit 21.

116.    In its acknowledgement, DOD stated "we have determined that the records you are seeking would most likely be located with the DC Army National Guard. Consequently, we are transferring your request to their office for processing and direct response to you." *Id.*

117.    On October 13, 2025, CREW responded to DOD's September 22, 2025 letter and explained that limited searches to the DC Army National Guard would not be sufficient because many of the requested records would be located with National Guard units of the eight states who sent their guard units to Washington, D.C., and others would be located within the Department of Defense itself. Exhibit 22.

118.    Also on October 13, 2025, CREW received an automated email response, stating "We are currently operating with a limited staff due to a lapse in federal funding that resulted in the furlough of federal of employees.  This may cause delays in our response times.  Please be assured that your queries and requests are important to us and will be addressed as quickly as possible, in the order they are received." Exhibit 23.

119.    CREW has received no additional communications from DOD.

### *August 20, 2025 FOIA Request to Park Police*

120.    On August 20, 2025, CREW submitted an expedited FOIA request with the Park Police in which it sought the following records:

> 1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 mobilization of Park Police agents in the District of Columbia.
>
> 2. All records sufficient to show which units within the Park Police were reassigned to respond to President Trump's mobilization of federal agents in the District of Columbia.
>
> 3. All records sufficient to show the monthly budgets for the units within Park Police that were reassigned to respond to President Trump's August 2025 mobilization of Park Police agents to the District of Columbia.

4. All records sufficient to show training that Park Police provided to engage in the mobilization of Park Police agents within the District of Columbia.

5. All guidance, memoranda, final directives, policies, and other documents produced by Park Police concerning its role in the mobilization of Park Police agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the federal mobilization of the Park Police, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

A copy of this request is attached as Exhibit 24.

121.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 43 C.F.R. § 2.20(a).  CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.*

122.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

123.    CREW has received no communications from Park Police since submitting its request.

### *August 27, 2025 FOIA Request to IRS*

124.    On August 20, 2025, CREW submitted an expedited FOIA request to IRS in which it sought the following records:

1. All records sufficient to show all sources of funding, including but not limited to appropriated funds and gifts, associated with President Trump's August 2025 deployment of IRS Criminal Investigation agents to the District of Columbia.

2. All records sufficient to show which units within IRS Criminal Investigation

were reassigned to respond to President Trump's August 2025 deployment of federal agents to the District of Columbia.

3. All records sufficient to show the monthly budget for the units within IRS Criminal Investigation that were reassigned to respond to President Trump's August 2025 deployment of federal agents to the District of Columbia.

4. All records sufficient to show training that the IRS Criminal Investigation agency provided to engage in the deployment of agents within the District of Columbia.

5. All guidance, memoranda, final directives, policies, and other documents produced by the IRS concerning its role in the mobilization of Criminal Investigation agents within the District of Columbia.

6. All guidance, memoranda, final directives, policies, and other documents that mention, reference, or relate to the mobilization of IRS Criminal Investigation agents in DC, including but not limited to documents that mention, reference, or relate to the preparation for or enforcement of the August 11, 2025 Executive Order entitled "DECLARING A CRIME EMERGENCY IN THE DISTRICT OF COLUMBIA".

A copy of this request is attached as Exhibit 25.

125.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 31 C.F.R. § 1.4(e)(ii).  CREW explained in detail that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." 31 C.F.R. § 1.4(e)(ii).

126.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.

127.    On August 28, 2025 a representative of the IRS FOIA office sent CREW an email that stated in part "I forwarded the request to the proper office for proper assignment for processing." Exhibit 26.

128.    CREW has received no additional communications from IRS.

**CLAIMS FOR RELIEF**

**COUNT I**
**DOJ's Wrongful Withholding of Records**
**Responsive to CREW's August 20, 2025 Requests**
(DOJ Tracking No. FOIA-2025-06479)
(ATF Tracking No. 2025-01415)
(DEA Tracking No. 25-02138-F)
(FBI Tracking No. 1678268-000)
(USMS Tracking No. 2025-USMS-001827)

129.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

130.    In its August 20, 2025 request, Plaintiff properly asked for records within the possession, custody, and control of DOJ and its component agencies.

131.    Pursuant to FOIA and applicable agency regulations, CREW sought expedited processing of each FOIA request.

132.    DOJ and its component agencies are wrongfully withholding records responsive to CREW's FOIA requests.

133.    DOJ and its component agencies have failed to conduct an adequate search in response to CREW's FOIA requests.

134.    DOJ's Office of the Attorney General has failed to expeditiously process the FOIA request on which it granted expedited processing.

135.    DOJ's component agencies have wrongfully denied CREW's requests for expedited processing and improperly failed to process CREW's requests on an expedited basis.

136.    By denying CREW's requests for expedited processing and failing to timely release all requested records in full to CREW, DOJ and its component agencies are in violation of FOIA.

137.    CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

**COUNT II**
**DHS's Violation of FOIA – Wrongful Withholding of Records**
**Responsive to CREW's August 20, 2025 Requests**
(DHS Tracking No. 2025-HQFO-05942)
(ICE Tracking No. 2025-ICFO-56370)
(USSS Tracking No. 20251613)
(CBP Tracking No. CBP-FO-2025-185524)

138.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

139.    In its August 20, 2025 FOIA request, Plaintiff properly asked for records within the possession, custody, and control of DHS and its component agencies.

140.    Pursuant to FOIA and applicable agency regulations, CREW sought expedited processing of each FOIA request.

141.    DHS and its component agencies are wrongfully withholding non-exempt records responsive to CREW's FOIA requests.

142.    DHS and its component agencies have failed to conduct an adequate search in response to CREW's FOIA requests.

143.    DHS component USSS has failed to expeditiously process the FOIA request to USSS on which they granted expedited processing.

144.    DHS and its remaining component agencies have wrongfully denied CREW's requests for expedited processing and improperly failed to process CREW's requests on an expedited basis.

145.    By denying CREW's requests for expedited processing and failing to timely release all requested records in full to CREW, DHS and its component agencies are in violation of FOIA.

146.    CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

**COUNT III**
**DOD's Violation of FOIA – Wrongful Withholding of Records**
**Responsive to CREW's August 20, 2025 Request**
(DOD Tracking No. J-25-0325)

147.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

148.    In its August 20, 2025 FOIA request, Plaintiff properly asked for records within the possession, custody, and control of DOD.

149.    Pursuant to FOIA and applicable agency regulations, CREW sought expedited processing of this FOIA request.

150.    DOD has wrongfully denied CREW's requests for expedited processing and improperly failed to process CREW's request on an expedited basis.

151.    DOD is wrongfully withholding non-exempt records responsive to CREW's FOIA request.

152.    DOD has failed to conduct an adequate search in response to CREW's FOIA request.

153.    By denying CREW's requests for expedited processing and failing to timely release all requested records in full to CREW, DOD is in violation of FOIA.

154.    CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

**COUNT IV**
**Park Police's Violation of FOIA – Wrongful Withholding of Records**
**Responsive to CREW's August 20, 2025 Request**
(Park Police Tracking No. Pending)

155.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

156.    In its August 20, 2025 FOIA request, Plaintiff properly asked for records within the possession, custody, and control of Park Police.

157.    Pursuant to FOIA and applicable agency regulations, CREW sought expedited processing of this FOIA request.

158.    Park Police has wrongfully denied CREW's requests for expedited processing and improperly failed to process CREW's request on an expedited basis.

159.    Park Police is wrongfully withholding non-exempt records responsive to CREW's FOIA request.

160.    Park Police has failed to conduct an adequate search in response to CREW's FOIA request.

161.    By denying CREW's requests for expedited processing and failing to timely release all requested records in full to CREW, Park Police is in violation of FOIA.

162.    CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

**COUNT V**
**IRS's Violation of FOIA – Wrongful Withholding of Records**
**Responsive to CREW's August 27, 2025 Request**
(IRS Tracking No. Pending)

163.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

164.    In its August 27, 2025 FOIA request, Plaintiff properly asked for records within the possession, custody, and control of IRS.

165.    Pursuant to FOIA and applicable agency regulations, CREW sought expedited processing of this FOIA request.

166.    IRS has wrongfully denied CREW's requests for expedited processing and improperly failed to process CREW's request on an expedited basis.

167.    IRS is wrongfully withholding non-exempt records responsive to CREW's FOIA request.

168.    IRS has failed to conduct an adequate search in response to CREW's FOIA request.

169.    By denying CREW's requests for expedited processing and failing to timely release all requested records in full to CREW, IRS is in violation of FOIA.

170.    CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

## Requested Relief

WHEREFORE, CREW respectfully requests that this Court:

(1)    Issue a declaration that CREW is entitled to expedited processing of all requests for which it has sought such handling;

(2)    Issue a declaration that CREW is entitled to immediate processing and disclosure of the requested records;

(3)    Order Defendants to immediately and fully process CREW's FOIA requests and disclose all responsive records to CREW;

(4)    Order the Defendants to preserve all records, in whatever form they exist, potentially responsive to CREW's requests prior to and during the processing of its requests;

(5)    Order Defendants to grant CREW's requests for fee waivers;

(6)    Provide for expeditious proceedings in this action;

(7)    Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(8)    Award CREW its costs and reasonable attorneys' fees in this action; and

(9)    Grant such other relief as the Court may deem just and proper.

Date: November 17, 2025                    Respectfully Submitted,

                                           */s/ Alex Goldstein*
                                           Alex Goldstein
                                           (D.C. Bar No. 90005086)
                                           Kayvan Farchadi
                                           (D.C. Bar No. 1672753)
                                           CITIZENS FOR RESPONSIBILITY AND
                                           ETHICS IN WASHINGTON
                                           PO Box 14596
                                           Washington, DC 20044
                                           Phone: (202) 408-5565
                                           Fax: (202) 508-5020
                                           agoldstein@citizensforethics.org
                                           kfarchadi@citizensforethics.org