UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action No. 25-cv-3983 (TNM)

## ANSWER

Defendants Department of Justice ("DOJ"), and its components, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Federal Bureau of Investigation ("FBI"), and U.S. Marshals Service ("USMS"); the Department of Homeland Security ("DHS"), and its components, Immigration and Customs Enforcement ("ICE"), United States Secret Service ("USSS"), and U.S. Customs and Border Protection ("CBP"); U.S. Department of Defense ("DOD"); and the U.S. Park Police ("Park Police") (collectively, "Defendants"),[1] by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW" or "Plaintiff") in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants expressly deny any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants'

---

[1] Defendant Drug Enforcement Administration ("DEA") is filing contemporaneously a motion to dismiss the complaint as to DEA. Defendant Internal Revenue Service ("IRS") is no longer a party to this action because Plaintiff has voluntarily dismissed the only claim against IRS. *See* ECF No. 7 (Plaintiff's notice of voluntary dismissal); Minute Order dated January 21, 2026.

references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

## **RESPONSES TO NUMBERED PARAGRAPHS**

## **COMPLAINT[2]**

1. The allegations in this paragraph do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike it as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

2. Defendants admit that Plaintiff submitted twelve expedited FOIA requests to Defendants. Defendants respectfully refer the Court to Plaintiff's requests for a complete and accurate statement of their contents and deny any allegations inconsistent with the content of the requests.

3. This paragraph consists of Plaintiff's characterization of its FOIA requests. Defendants respectfully refer the Court to Plaintiff's requests for a complete and accurate statement of their contents and deny any allegations inconsistent with the content of the request.

4. This paragraph consists of Plaintiff's characterization of the FOIA statute and conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent with the text of the statute.

---

[2] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

5. This paragraph consists of legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

6. This paragraph consists of legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district for actions brought under FOIA.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Defendants admit that DOJ is an agency within the meaning of FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

9. As to the first sentence of paragraph 9, ATF denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admit that ATF is a component of DOJ, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

10. As to the first sentence of paragraph 10, Defendants deny that DEA is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admit that DEA is a component of DOJ, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

11. As to the first sentence of paragraph 11, the FBI denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of DOJ, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

12. As to the first sentence of paragraph 12, USMS denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that USMS is a component of DOJ, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

13. Defendants admit that DHS is an agency within the meaning of FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

14. As to the first sentence of paragraph 14, ICE denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that ICE is a component of DHS, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

15. As to the first sentence of paragraph 15, USSS denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that USSS is a component of DHS, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

16. As to the first sentence of paragraph 16, CBP denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that CBP is a component of DHS, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

17. Defendants admit that DOD is an agency within the meaning of FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

18. Defendants admit that the Park Police is an agency within the meaning of FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

19. Defendants admit that IRS is an agency within the meaning of FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

## LEGAL FRAMEWORK

20-31. These paragraphs consist of Plaintiff's characterization of the FOIA statute and conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent with the text of the statute.

## FACTUAL ALLEGATIONS

32-47. The allegations contained in these paragraphs do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

48. This paragraph consists of Plaintiff's purported reason for filing its FOIA requests, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### *August 20, 2025 FOIA Request to the Office of the Attorney General*

49. Defendant DOJ admits that DOJ's Office of Information Policy ("OIP") received a FOIA request from Plaintiff dated August 20, 2025. Defendants respectfully refer the Court to Plaintiff's August 20, 2025, FOIA request for a complete and accurate statement of its content and deny any allegations inconsistent with the content of that request.

50. Defendant DOJ admits that Plaintiff's FOIA request sought expedited processing. Defendants respectfully refer the Court to Plaintiff's August 20, 2025, FOIA request for a complete and accurate statement of its content and deny any allegations inconsistent with the content of that request.

51. Defendant DOJ admits that Plaintiff's FOIA request sought a fee waiver. Defendants respectfully refer the Court to Plaintiff's August 20, 2025, FOIA request for a complete

and accurate statement of its content and deny any allegations inconsistent with the content of that request.

52. Defendant DOJ admits that by letter dated August 27, 2025, OIP acknowledged receipt of Plaintiff's August 20, 2025, FOIA request and assigned it administrative tracking number FOIA-2025-06479. Defendants respectfully refer the Court to OIP's August 27, 2025, acknowledgment letter for a complete an accurate statement of its content and denies any allegations inconsistent with the content of that letter.

53. Defendant DOJ admits that by letter dated August 27, 2025, DOJ granted Plaintiff's request for expedited processing. Defendants respectfully refer the Court to OIP's August 27, 2025, acknowledgment letter for a complete an accurate statement of its content and denies any allegations inconsistent with the content of that letter.

54. Defendant DOJ admits that by letter dated August 27, 2025, DOJ extended the response timeline for Plaintiff's request. Defendants respectfully refer the Court to OIP's August 27, 2025, acknowledgment letter for a complete an accurate statement of its content and denies any allegations inconsistent with the content of that letter.

55. Defendant DOJ admits that by letter dated August 27, 2025, DOJ did not make a determination on Plaintiff's fee waiver request. Defendants respectfully refer the Court to OIP's August 27, 2025, acknowledgment letter for a complete an accurate statement of its content and denies any allegations inconsistent with the content of that letter.

56. Defendant DOJ admits that, as of the filing date of the Complaint, DOJ has not issued a final determination in response to Plaintiff's FOIA request.

### August 20, 2025 FOIA Request to ATF

57. Defendant ATF admits that Plaintiff submitted a FOIA request to ATF on or about August 20, 2025. Defendant ATF avers that the request speaks for itself, respectfully refers the

Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

58. Defendant ATF admits only that Plaintiff sought expedited processing for their FOIA request. As to the remaining allegations of this paragraph, Defendant ATF avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

59. Defendant ATF admits only that Plaintiff sought a fee waiver in connection with their request. As to the remaining allegations of this paragraph, Defendant ATF avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

60. Defendant ATF admits only that it acknowledged Plaintiff's FOIA request by emailed letter on or about August 21, 2025. Defendant ATF avers that the emailed letter speaks for itself, respectfully refers the Court to a copy of that emailed letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

61. Defendant ATF admits only that it acknowledged Plaintiff's FOIA request by emailed letter on or about August 21, 2025. Defendant ATF avers that the emailed letter speaks for itself, respectfully refers the Court to a copy of that emailed letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

62. Defendant ATF denies the allegations of this paragraph.

### *August 20, 2025 FOIA Request to DEA*

63-73. Defendants aver that these paragraphs relate only to Defendant DEA, which is not required to file an Answer at this time because it has filed a motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4).

*August 20, 2025 FOIA Request to FBI*

74. Defendant FBI admits it received a request for records on August 20, 2025. Defendant FBI avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

75. This paragraph consists of a description of Plaintiff's request. Defendant FBI avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

76. Defendant FBI admits only that Plaintiff sought a fee waiver in connection with its request. Defendant FBI avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

77. Defendant FBI admits that it acknowledged receipt of Plaintiff's request on or about August 25, 2025. Defendant FBI avers that the acknowledgement speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

78. Defendant FBI avers that the acknowledgement speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

79. Defendant FBI admits only that it has not issued a final response to Plaintiff's FOIA request as of the date Plaintiff filed the Complaint.

*August 20, 2025 FOIA Request to USMS*

80. Defendant USMS admits that it received a FOIA request submitted by Plaintiff dated August 20, 2025. Defendant USMS avers that the request speaks for itself, respectfully

refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

81. This paragraph consists of a description of Plaintiff's request. Defendant USMS avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

82. This paragraph consists of a description of Plaintiff's request. Defendant USMS avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

83. Defendant USMS denies that it acknowledged Plaintiff's request on August 20, 2025. The USMS acknowledged Plaintiff's request on August 22, 2025, and assigned it tracking number 2025-USMS-001827.

84. This paragraph sets forth Plaintiff's characterization of Defendant USMS's acknowledgement letter, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the USMS's acknowledgment letter for a full and accurate statement of its content and deny all allegations inconsistent therewith.

85. The USMS admits only that, as of the date of the filing of Plaintiff's Complaint, the USMS had not yet issued a final determination in response to Plaintiff's FOIA request.

***August 20, 2025 FOIA Request to DHS Headquarters Privacy Office***

86. Defendant DHS admits it received a FOIA request from Plaintiff on August 20, 2025. Defendant DHS avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

87. This paragraph contains Plaintiff's characterizations of its FOIA request to Defendant DHS. Defendant DHS avers that the request speaks for itself, respectfully refers the

Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

88. This paragraph contains Plaintiff's characterizations of its FOIA request to Defendant DHS. Defendant DHS avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

89. Defendant DHS admits that it acknowledged Plaintiff's FOIA request on or about August 25, 2025 and assigned the request tracking number 2025-HQFO-05942.

90. The allegations in this paragraph are Plaintiff's characterization of DHS's acknowledgment of Plaintiff's FOIA request. Defendant DHS respectfully refers the Court to the August 25, 2025 acknowledgment as the best evidence of its contents, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

91. Defendant DHS admits that as of the date of the filing of Plaintiff's Complaint, it had not provided Plaintiff with any further communications regarding Plaintiff's request.

### *August 20, 2025 FOIA Request to ICE*

92. Defendant ICE admits Plaintiff issued a FOIA request dated August 25, 2025.[3] Defendant ICE avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

93. Defendant ICE admits only that Plaintiff sought expedited processing of its request. As to the remaining allegations of this paragraph, Defendant ICE avers that the request speaks for

---

[3] Contrary to the subheading in the Complaint, the FOIA request to ICE was dated August 25, 2025, not August 20, 2025.

itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

94. Defendant ICE admits that Plaintiff sought a fee waiver in connection with its request. As to the remaining allegations of this paragraph, Defendant ICE avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

95. Defendant ICE admits that it acknowledged receipt of Plaintiff's FOIA request on August 26, 2025. Defendant also admits that it assigned Plaintiff's request ICE FOIA Case Number 2025-ICFO-56370 and that it invoked a 10-day extension to respond to the request. As to any remaining allegations of this paragraph, Defendant ICE avers that the acknowledgement speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

96. Defendant ICE admits that the ICE acknowledgement letter noted CREW's request for a fee waiver and stated that ICE would "adjudicate this request only if the agency is allowed to assess fees under the FOIA" citing 6 C.F.R. § 5.11(c)-(d).

97. Defendant ICE admits that it denied CREW's request for expedited processing because CREW did not qualify for expedited processing under DHS regulations.

98. Defendant ICE admits that as of the date the Complaint was filed, ICE has not provided further communications or released any records responsive to Plaintiff's FOIA request.

### *August 20, 2025 FOIA Request to USSS*

99. Defendant USSS admits that Plaintiff submitted a FOIA request dated August 20, 2025 to Defendant USSS. Defendant USSS denies that Exhibit 17, to which this paragraph refers, is the FOIA request in question. Defendant USSS otherwise avers that the request speaks for itself,

respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

100. Defendant USSS admits that Plaintiff requested expedited processing. As to the remaining allegations of this paragraph, Defendant USSS avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

101. Defendant USSS admits that Plaintiff's request sought a fee waiver. As to any remaining allegations of this paragraph, Defendant USSS avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

102. Defendant USSS admits the allegations of this paragraph. Defendant USSS avers that the referenced response speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

103. Defendant USSS admits that Plaintiff requested expedited processing and that Plaintiff's request for expedited treatment was granted by USSS. Defendant USSS avers that the referenced response speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

104. Defendant USSS admits the allegations of this paragraph. Defendant USSS avers that the referenced response speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

105. Defendant USSS admits only that it provided a status update on CREW's request on or about September 29, 2025. Defendant USSS avers that the referenced update speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

106. Defendant USSS admits the allegations of this paragraph.

### *August 20, 2025 FOIA Request to CBP*

107. Defendant CBP admits that Plaintiff submitted a FOIA request to Defendant CBP on or about August 20, 2025. Defendant CBP avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

108. Defendant CBP admits that Plaintiff submitted a FOIA request to Defendant CBP on or about August 20, 2025. The remainder of this paragraph purports to characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendant CBP respectfully refers the Court to Plaintiff's' FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

109. Defendant CBP admits that Plaintiff submitted a fee waiver request to Defendant CBP on or about August 20, 2025. Defendant CBP avers that the cited request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

110. Defendant admits that it assigned Plaintiffs' FOIA request the number CBP-FO-2025-185524. The remainder of this paragraph purports to characterize Defendant CBP's communications via an online portal (SecureRelease). Defendant CBP avers that the referenced communications speaks for themselves and are the best evidence of their contents, and denies any allegations inconsistent therewith.

111. Defendant CBP admits only that as of the date of the Complaint, it had not made a final determination as to Plaintiff's request.

### August 20, 2025 FOIA Request to DOD

112. Defendant DOD admits that it received a FOIA request from Plaintiff. Defendant DOD avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

113. Defendant DOD admits only that Plaintiff sought expedited processing in connection with its request. Defendant DOD otherwise avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

114. Defendant DOD admits only that Plaintiff sought a fee waiver in connection with its request. Defendant DOD otherwise avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

115. Defendant DOD admits that it acknowledged receipt of Plaintiff's request on or about September 22, 2025.

116. This paragraph is a characterization of Defendant DOD's acknowledgement letter. Defendant DOD avers that the acknowledgement letter speaks for itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

117. Defendant DOD admits that Plaintiff sent a further communication to Defendant DOD on or about October 13, 2025. Defendant DOD avers that the communication speaks for

itself, respectfully refers the Court to a copy of that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

118. Defendant DOD admits only that automated responses were sent to FOIA requesters during the lapse in appropriations. Defendant DOD lacks knowledge or information sufficient to determine whether Plaintiff received such an automated response, and on that basis denies the allegation.

119. Defendant DOD admits only that it has not, at this time, located a record of additional communications with Plaintiff

*August 20, 2025 FOIA Request to Park Police*

120. Defendant Park Police admits that it received a FOIA request from Plaintiff on or about August 20, 2025. Defendant Park Police avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

121. Defendant Park Police admits only that Plaintiff sought expedited processing of its request. As to the remaining allegations, Defendant Park Police avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. Defendant Park Police further avers that section 2.20 of the Department of the Interior's FOIA regulations contain the criteria used for considering expedited processing, and that Plaintiff did not satisfy these criteria.

122. Defendant Park Police admits only that plaintiff sought a fee waiver in connection with its request. Defendant Park Police avers that sections 2.45 and 2.48 of the Department of the Interior's FOIA regulations contain the criteria used for considering fee waivers, and that Plaintiff did not satisfy these criteria.

123. Defendant Park Police denies the allegations of this paragraph.

*August 27, 2025 FOIA Request to IRS*

124-128. These paragraphs relate to former Defendant IRS, which is no longer a party to this action because Plaintiff has voluntarily dismissed the only claim against IRS. *See* Fed. R. Civ. P. 41(a)(1)(A); ECF No. 7 (Plaintiff's notice of voluntary dismissal with respect to IRS); Minute Order dated January 21, 2026. Defendants therefore aver that no response is required.

## COUNT I

129. Defendants incorporate by reference their responses to the above paragraphs.

130. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

131. Defendants admit that Plaintiff's FOIA requests sought expedited processing.

132-137. These paragraphs assert conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

## COUNT II

138. Defendants incorporate by reference their responses to the above paragraphs.

139. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

140. Defendants admit that Plaintiff's FOIA requests sought expedited processing.

141-146. These paragraphs assert conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

## COUNT III

147. Defendants incorporate by reference their responses to the above paragraphs.

148. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

149. Defendants admit that Plaintiff's FOIA requests sought expedited processing.

150-154. These paragraphs assert conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

## COUNT IV

155. Defendants incorporate by reference their responses to the above paragraphs.

156. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

157. Defendants admit that Plaintiff's FOIA requests sought expedited processing.

158-162. These paragraphs assert conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

## COUNT V

163-170. These paragraphs relate to former Defendant IRS, which is no longer a party to this action because Plaintiff has voluntarily dismissed the only claim against IRS. *See* Fed. R. Civ. P. 41(a)(1)(A); ECF No. 7 (Plaintiff's notice of voluntary dismissal); Minute Order dated January 21, 2026. Defendants therefore aver that no response is required.

## RELIEF REQUESTED

The remainder of the Complaint asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief at all. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint

become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## THIRD DEFENSE

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process. The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

## SIXTH DEFENSE

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## EIGHTH DEFENSE

No fees were incurred by Defendant USSS in processing Plaintiff's request and as such Plaintiff's fee waiver request is moot as it pertains to the USSS.

Dated: January 28, 2026
      Washington, DC

> Respectfully submitted,
>
> JEANINE FERRIS PIRRO
> United States Attorney
>
> By:   */s/ Andrew J. Vaden*
>     ANDREW J. VADEN
>     Assistant United States Attorney
>     D.C. Bar #1044860
>     601 D Street, NW
>     Washington, DC 20530
>     (202) 252-2437
>
> *Attorneys for the United States of America*