UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-cv-3983 (TNM) |

**ANSWER**

Defendant Drug Enforcement Administration ("DEA"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW" or "Plaintiff") in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendant DEA expressly denies any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant DEA may refer to such materials for their accurate and complete contents in response; however, Defendant DEA's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant DEA responds to the Complaint as follows.

**RESPONSES TO NUMBERED PARAGRAPHS**

With respect to paragraphs 1–9, 11–62, and 74–170 of the Complaint and the subsection of the Complaint entitled "Requested Relief," Defendant DEA hereby incorporates by reference and adopts as its own the responses of Defendants Department of Justice, and its components, the

Bureau of Alcohol, Tobacco, Firearms and Explosives, Federal Bureau of Investigation, and U.S. Marshals Service; the Department of Homeland Security, and its components, Immigration and Customs Enforcement, United States Secret Service, and U.S. Customs and Border Protection; U.S. Department of Defense; and the U.S. Park Police in their Answer filed in this matter on January 28, 2026 (ECF No. 11).

With respect to the remaining paragraphs of the Complaint, Defendant DEA avers that Plaintiff CREW has voluntarily dismissed its claims against Defendant DEA insofar as they pertain to subparts 2 through 6 of the relevant request. Not. of Dismissal (ECF No. 12). Defendant DEA therefore avers that to the extent the Complaint refers to or raises a claim as to those subparts of the request, no response is required.

Defendant DEA further responds to the Complaint in like numbered paragraphs as follows:

10. As to the first sentence of paragraph 10, DEA denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that DEA is a component of Department of Justice, and is subject to the requirements of the FOIA. The remainder of this paragraph asserts conclusions of law to which no response is required.

63. Defendant DEA admits that Plaintiff submitted a FOIA request to DEA on or about August 20, 2025. Defendant DEA respectfully refers the Court to that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

64. This paragraph consists of a description of Plaintiff's request. Defendant DEA respectfully refers the Court to that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

65. Defendant DEA admits only that Plaintiff sought a fee waiver in connection with its request. Defendant DEA respectfully refers the Court to that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

66. Defendant DEA admits that it acknowledged receipt of Plaintiff's request on or about September 2, 2025. Defendant DEA respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

67. The allegations in this paragraph are Plaintiff's characterization of Defendant DEA's acknowledgment letter. Defendant DEA respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

68. The allegations in this paragraph are Plaintiff's characterization of Defendant DEA's acknowledgment letter. Defendant DEA respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

69. The allegations in this paragraph are Plaintiff's characterization of Defendant DEA's acknowledgment letter. Defendant DEA respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

70. The allegations in this paragraph are Plaintiff's characterization of Defendant DEA's acknowledgment letter. Defendant DEA respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

71. The allegations in this paragraph are Plaintiff's characterization of an October 13, 2025 email that it sent to DEA. Defendant DEA respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

72.     The allegations in this paragraph are Plaintiff's characterization of an October 13, 2025 email that received from Defendant DEA. Defendant DEA respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

73.     Deny.

## DEFENSES

Defendant DEA respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to Defendant DEA through the course of this litigation. Defendant DEA does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## THIRD DEFENSE

One or more of the FOIA requests, or subparts thereto, are not valid requests because they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process.

## FOURTH DEFENSE

The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to

impose obligations on the agency not required by FOIA.

### FIFTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### SIXTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

### SEVENTH DEFENSE

Defendant DEA's actions did not violate the FOIA or any other statutory or regulatory provision.

### EIGHTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant DEA's response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: February 25, 2026
       Washington, DC

                              Respectfully submitted,

                              JEANINE FERRIS PIRRO
                              United States Attorney

                              By:   */s/ Andrew J. Vaden*
                                    ANDREW J. VADEN
                                    Assistant United States Attorney
                                    D.C. Bar #1044860
                                    601 D Street, NW
                                    Washington, DC 20530
                                    (202) 252-2437

                              *Attorneys for the United States of America*